IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**WILLIAM DAVID JONES,**

    **Plaintiff,**

v.                                            Civil Action No. 3:22cv118

**LLOYD J. AUSTIN, III,** *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on *pro se* Plaintiff William David Jones's Amended Complaint. (ECF No. 8.)

Mr. Jones's Amended Complaint offends Federal Rule of Civil Procedure 8, which requires a short and plain statement of the grounds for this Court's jurisdiction and a statement of the claims showing that the plaintiff is entitled to relief. It also improperly disregards the Court's February 27, 2023 Order directing how Mr. Jones had to file his Amended Complaint. (ECF No. 7.)

The Court ordered that the Amended Complaint comply with the following directions:

1. At the very top of the amended pleading, William David Jones must place the following caption in all capital letters: "AMENDED COMPLAINT FOR CIVIL ACTION NUMBER: 3:22cv118."

2. The first paragraph of the particularized Amended Complaint must contain a list of defendant(s). Thereafter, in the body of the particularized Amended Complaint, **Jones must set forth legibly, in separately numbered paragraphs a short statement of the facts giving rise to his claims for relief.** Thereafter, **in separately captioned sections, Jones must clearly identify each federal or state law allegedly violated.** Under each section, Jones must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered

        factual paragraphs in the body of the particularized Amended Complaint that support that assertion.

3.     Jones shall also include the relief he requests – what in the law is called a "prayer for relief."

4.     The particularized Amended Complaint must stand or fall on its own accord. Jones **may not reference statements in the prior complaint**.

5.     The particularized Amended Complaint must omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well-ground in the law and fact. *See Sewraz v. Guice*, No. 3:8cv35, 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008).

(ECF No. 7, at 3–4 (emphases in original).) The Court advised Mr. Jones that his "failure to strictly comply with the Court's directives and with applicable rules" would result in dismissal of this action with prejudice.[1] (ECF No. 7, at 4.)

## I. Litigation at Bar

The Court finds that Mr. Jones's Amended Complaint does not comply with the clear instructions set forth in the Court's February 27, 2023 Order. (ECF No. 7.) Specifically, the Amended Complaint (i) does not "set forth . . . a short statement of the facts giving rise to his

---

[1] The Court warned of dismissal *with prejudice* despite allowing just one Amended Complaint in part because this is not Mr. Jones's first foray into filing incomprehensible *pro se* actions against former or prospective employers. In addition to the action currently before this Court, Mr. Jones has filed three other cases in this Division against former or prospective employers: (1) *Jones v. Seiling*, No. 3:19-cv-894 (HEH); (2) *Jones v. Dep't of Defense Defense Logistics Agency Defense Supply Center, Richmond ("DLA")*, 3:21-cv-288 (MHL) (two Amended Complaints allowed); and (3) *Jones v. Del Toro*, 3:23-cv-514 (DJN). See discussion *infra*, "Previous Litigation Before the Richmond Division of the Eastern District of Virginia," for more detail.

claims for relief";[2] (ii) does not "clearly identify each federal or state law allegedly violated";[3]

(iii) does not clearly identify "each defendant purportedly liable under [each] legal theory";[4] and

(iv) does not "omit any unnecessary incorporation of factual allegations for particular claims and

---

[2] Although he titles a section "Statement of Facts Giving Rise to Jones' Claim for Relief", (ECF No. 8, at 3), Mr. Jones in fact strews factual allegations throughout the Amended Complaint, repeats them *ad nauseum*, and confusingly commingles facts with purported "Supporting Evidence for Jones's Claims for Relief", which evidence is improper and unnecessary at this stage of the litigation. (*See* ECF No. 8, at 11–14.) This mishmash makes it difficult to unravel where Mr. Jones is recounting facts as opposed to explaining why he believes the facts undergird a violation of some law.

[3] Mr. Jones recites numerous code provisions throughout his Amended Complaint but does not clearly identify which laws he alleges were violated "in separately captioned sections" as required by the Court's February 27, 2023 Order. (*See* ECF No. 7, at 3.) For example, Mr. Jones combines "The Insider Threat Program Title 32 CFR, Part 2004; Malicious Code Under 18 U.S.C. 1030; [and] Veterans Preference under 5 U.S.C. § 2302(B)(11)" in one heading. (ECF No. 8, at 18.)

Aside from the fact that this section heading by definition fails to "separately caption[]" the laws allegedly violated, the Court reasonably infers that Mr. Jones does not intend to allege a *violation* of 18 U.S.C. § 1030 at all. Rather, Mr. Jones appears to assert that *he himself* did not violate that code provision to argue that his non-violation demonstrates that he has a claim against the Defendants.

Mr. Jones separately seeks to appeal the Equal Employment Opportunity Commission ("EEOC") Administrative Judge's decision to dismiss his EEOC complaint without a hearing. (ECF No. 8, at 2, 15, 24–25.) He proffers several bases such as bias from the Administrative Judge, raising several bases and adding facts to his legal argument in an unclear manner. (ECF No. 8, at 23–24.) Mr. Jones asserts conspiracy, though it is not clear which Defendant is purportedly liable under that theory. (ECF No. 8, at 21–24.)

Even on the liberal construction the Court affords to *pro se* plaintiffs, the court is not required to search for viable claims or "to conjure up questions never squarely presented to" it. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

[4] Mr. Jones asserts in the body of the Amended Complaint that "[t]he list of defendants includes *two* Department of Defense Agencies", but the cover page and caption include a third Defendant, Lloyd J. Austin, III. (*See* ECF No. 8, at 1–2 (emphasis added).) Further, because the Court cannot discern how many claims Mr. Jones has asserted, as discussed in n.3, *supra*, it also cannot determine which of the Defendants is purportedly liable under each theory.

3

any claim against any defendant that is not well-grounded in the law and fact."[5] (*See* ECF No. 7, at 3–4.)

As with his 34-page Complaint, Mr. Jones has submitted a 29-page Amended Complaint that is voluminous, repetitive, and difficult to decipher. The manner in which Mr. Jones has pled his Amended Complaint requires the Court to weed through excessive verbiage and unnecessary factual information to distill the claims to their essence. Mr. Jones repeats factual information from other claims that is entirely unrelated to the main component of the particular claim. Moreover, in several instances, Mr. Jones has alleged more than one disparate claim for relief under a single identification of a claim, or alleged underlying facts that are not at all related to the statement of that claim, complicating the Court's analysis. His scattershot pleading is impermissible and in violation of Federal Rule of Civil Procedure 8.

## II. Previous Litigation Before the Richmond Division of the Eastern District of Virginia

The instant action is not Mr. Jones's first foray into filing indiscernible actions against former or prospective employers. In addition to the action currently before this Court, Mr. Jones has filed three other cases in this Division against former or prospective employers with notably overlapping causes of action: (1) *Jones v. Seiling*, No. 3:19-cv-894 (HEH); (2) *Jones v. Dep't of Defense Defense Logistics Agency Defense Supply Center, Richmond ("DLA")*, 3:21-cv-288 (MHL) (*pro se*, two Amended Complaints allowed); and (3) *Jones v. Del Toro*, 3:23-cv-514 (DJN) (*pro se*).

---

[5] Also, Defendants correctly observe that the Amended Complaint is in 11-point font in violation of the Local Rules. (*See* ECF No. 10, at 8 n.4 (citing E.D. Va. Local Civ. R. 7(F)(3)).) Regardless, Mr. Jones's Amended Complaint is far from "a short and plain statement of the claim" and does not "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (further citations and internal quotation marks omitted).

4

First, in *Jones v. Seiling*, Mr. Jones, through counsel, filed a 23-page complaint in state court alleging defamation, slander, intentional infliction of emotional distress, and wrongful/tortious interference with contract expectancy against two former coworkers stemming from the fallout of a romantic relationship Mr. Jones undertook with another employee. 3:19-cv-894 (HEH) (*See generally* ECF No. 1-1.) The case was removed to federal court. *Id.* (ECF No. 1.) The *Seiling* court substituted the United States for Defendant John T. Wait in full, *id.* (ECF No. 9, at 5), and granted the United States' Motion to Dismiss as to Mr. Wait because the actions Mr. Wait took occurred within the scope of his employment, *id.* (ECF No. 10, at 2).[6] The court substituted the United States for Ms. Seiling only with respect to conduct she undertook within the scope of her employment and dismissed all claims arising from such conduct. *Id.* (ECF No. 9, at 4–5; ECF No. 10, at 6.) However, the *Seiling* court did not substitute the United States or dismiss claims against Ms. Seiling arising from actions she took outside the scope of her employment. *Id.* (ECF No. 9, at 5; ECF No. 10, at 2, 7.) Because the remaining claims were state-law claims and the parties were non-diverse, the *Seiling* court remanded the matter to state court for resolution. *Id.* (ECF No. 10, at 7.)

Second, in *Jones v. DLA*, Mr. Jones, through a 17-page *pro se* complaint, challenged Brigadier General Linda Hurry's decision to debar him from the DLA as "arbitrary and capricious" and thus violative of his due process rights. 3:21-cv-288 (MHL) (ECF No. 1, at 2, 7.) The challenged debarment stemmed from the same situation at issue in *Seiling*, namely, the

---

[6] Mr. Jones never responded to the Motion to Dismiss, despite being given an additional fourteen days to do so during the hearing on the Government's Motion of Substitution. *Id.* (ECF No. 10, at 2 n.1.) The *Seiling* court found it "notabl[e]" that Mr. Jones "failed to submit *any* filings or objections . . . since the issue of substitution was determined." *Id.* (ECF No. 10, at 2 n.1 (emphasis added).)

5

alleged threats and violation of the no-contact order arising from Mr. Jones and Ms. Seiling's romantic fallout. *Id.* (*See generally* ECF No. 1; ECF No. 51, at 2–12.)

On the *DLA* court's order, Mr. Jones filed a 30-page First Amended Complaint (with 51 pages of appendices), (*see id.* (ECF Nos. 9-1, 9-2 9-3, 9-4, and 9-5), that "present[ed] an extended narrative that mentioned events and law that, because of the discursive presentation, [did] not tie the facts to the law in a manner that establishe[d] a discernible set of claims." *Id.* (ECF No. 37, at 1.) The *DLA* court ordered Mr. Jones to file a Second Amended Complaint. (ECF No. 37, at 3.)

"In his [34-page] Second Amended Complaint, Mr. Jones, for the first time, identifie[d] twelve individual DLA employees who[m] he attempt[ed] to name as defendants[.]" *Id.* (ECF No. 51, at 16 (citing ECF No. 38, at 2–3).) The Court concluded that "the allegations against these individuals, even read liberally and accepted as true, [could not] survive the motion to dismiss" because Mr. Jones did not serve the defendants in their individual capacities, any non-constitutional claims against those defendants were improper, and any constitutional claims were untimely. *Id.* (ECF No. 51, at 27–29.) These purported defendants included Ms. Seiling and Mr. Wait.[7]

---

[7] Mr. Jones has implicated Ms. Seiling and Mr. Wait in three of the four cases he has brought in this Division. Ms. Seiling and Mr. Wait were both named defendants in *Jones v. Seiling*, 3:19-cv-894 (HEH). Mr. Jones unsuccessfully attempted to again name Ms. Seiling and Mr. Wait as defendants in *Jones v. DLA*, 3:21-cv-288 (MHL). *Id.* (ECF No. 51, at 16 (citing ECF No. 38, at 2–3).)

In the litigation at bar, although Mr. Jones does not name or attempt to name Ms. Seiling or Mr. Wait as defendants, he does continue to reference and implicate them in central aspects of his latest claims.

First, Mr. Jones blames Ms. Seiling for providing to DLA J6 (Information Operations) the reportedly malicious code that was attributed to Mr. Jones. *Id.* (ECF No. 8, at 18.) He also quotes the EEOC Administrative Judge's report explaining that DLA "concluded that [Mr.

6

DLA moved to dismiss or, in the alternative, for summary judgment. *Id.* (ECF No. 41.) The *DLA* court granted DLA's Motion to Dismiss three of the counts of the Second Amended Complaint, and granted DLA's Motion for Summary Judgment as to the remaining two claims. *Id.* (ECF No. 52, at 1.) Mr. Jones then filed a Motion for Reconsideration, *id.* (ECF No. 53), which the court denied, *id.* (ECF No. 68). Mr. Jones has appealed the *DLA* court's dismissal of his claims to the United States Court of Appeals for the Fourth Circuit. *Id.* (ECF No. 54.)

And third, in *Jones v. Del Toro*, in a 26-page appeal with an additional 7 pages of appendix, 3:23-cv-514 (DJN) (ECF No. 1-2, at 11–44), Mr. Jones challenged the Navy's termination of his employment during the probationary period, which allegedly resulted from "a series of incidents involving unprofessional conduct, failure to follow instructions from his superiors and unacceptable performance." *Id.* (ECF No. 32, at 2.) The Merit System Protection Board ("MSPB") dismissed his initial appeal for lack of jurisdiction, and Mr. Jones appealed to federal court, consolidating his MSPB appeal with a Title VII retaliation claim. *Id.* (ECF No. 32, at 2–3.) Upon transfer from the Federal Circuit Court of Appeals, Defendant moved for partial summary judgment and to dismiss the remaining claims, which the Court granted. *Id.* (ECF No. 32, at 4, 14, 21.) The *Del Toro* court ultimately dismissed Mr. Jones's Title VII retaliation claim

---

Jones] engaged in significant harassment and misconduct regarding Ms. [Seiling]." *Id.* (ECF No. 8, at 16 (quotation marks omitted).)

Second, Mr. Jones casts Mr. Wait as central to his conspiracy claim against Mr. Borek. *See id.* (ECF No. 8, at 5, 21–23). He also asserts that Mr. Wait "advanced misinformation to [Mr.] Borek . . . [that was] designed to harass [Mr.] Jones and interfere with [Mr.] Jones [] being hired." *Id.* (ECF No. 8, at 18–19.)

Thus, this litigation represents at least the third time that Mr. Jones has expressly or impliedly implicated Ms. Seiling and Mr. Wait in his claims against various federal government agencies. These three lawsuits, with slight variation, all stem from his romantic fallout with, and subsequent alleged harassment of, Ms. Seiling and his challenge to the professional consequences that have resulted from the alleged harassment.

because the record was not clear that Mr. Jones genuinely sought to pursue it.[8] *Id.* (ECF No. 32, at 18–19.) Specifically, the *Del Toro* court observed:

> The Court therefore confronts a complicated fact pattern in which Plaintiff first raised a retaliation claim (albeit with some equivocating language), then made forceful statements apparently walking away from this claim, then did not *formally* abandon it when given the opportunity, and finally used his response opposing the Motion to Dismiss to *re-raise* his allegation regarding [the person responsible for the termination decision's] motive to terminate Plaintiff.

*Id.* (ECF No. 32, at 18 (emphasis in original).) Accordingly, the *Del Toro* court determined that it "[could] not clearly discern whether Plaintiff actually seeks to proceed with his discrimination claim." *Id.* (ECF No. 32, at 19.)

As he did in *DLA*, Mr. Jones filed a Notice of Appeal under Rules 59 and 60, *id.* (ECF No. 34), which the *Del Toro* court denied, *id.* (ECF No. 40), and he simultaneously appealed the court's decision to the United States Court of Appeals for the Fourth Circuit as well, *id.* (ECF No. 36). Following his appeal to the Fourth Circuit, Mr. Jones improperly filed another Motion for Reconsideration in district court. *Id.* (ECF No. 41.)

### III. CONCLUSION

Pursuant to Rule 41(b), the Court may dismiss an action when a plaintiff fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Zaczek v. Fauquier Cty.*, 764 F. Supp. 1071, 1075 n.16 (E.D. Va. 1991) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (explaining that a court may "act on its own initiative" with respect to dismissals under Federal Rule 41(b)).

---

[8] Indeed, the administrative record in the *DLA* matter provides that "[o]n November 17, 2018, Mr. Jones submitted his resignation to DLA." 3:21cv288 (MHL) (ECF No. 51, at 6 (citing AR at 636).) "In his resignation letter, Mr. Jones stated that his reasons for resigning were 'personal' and that he had 'determined that the goals, mission, and vision of [the] organization [we]re not in line with [his] own and [that he had] found better opportunity elsewhere.'" *Id.* (ECF No. 51, at 6 (alterations in original) (quoting AR at 636).)

Still, given Mr. Jones's *pro se* status, the Court will dismiss the Second Amended Complaint without prejudice. (ECF No. 8.) Because the Second Amended Complaint is dismissed, the Court will deny as moot Defendants' Motion to Dismiss. (ECF No. 9.)

## IV. ADMONISHMENT

The Court notes the pattern of Mr. Jones suing former or prospective future employers on claims that are difficult to discern in the first instance and then deemed non-meritorious in their ultimate resolution. Further, the Court expresses concern that Mr. Jones has brought multiple suits stemming from the same underlying circumstances—namely the alleged harassment by a coworker with whom he was romantically involved and others he sees as supporting the coworker in a harassing fashion—and the resulting resignation, debarment, and subsequent difficulties finding new employment with federal government agencies. In each case, including the instant case, Mr. Jones has received multiple opportunities to amend his complaints to clarify them. He also has been afforded multiple levels of appellate review.

Mr. Jones is cautioned that any future frivolous, harassing, or duplicative filings or lawsuits in this Court, this District, or elsewhere may result in a show cause order as to why a court should not issue sanctions, including a pre-filing injunction.

An appropriate Order shall issue.

Date: 03/04/2024
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

9